UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ABRIANA ALVAEZ,
Plaintiff,                                        CAUSE NO: 3:23-cv-768

vs.

                                                  JURY TRIAL DEMANDED
BETHEL UNIVERSITY, INC,
Defendant.

COMPLAINT
FOR EQUITABLE RELIEF AND DAMAGES

Introduction

1. This is a civil action to vindicate rights guaranteed by federal statutes (with rules promulgated thereunder) including Title III of the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act ("Section 504 or § 504"), as well as by Indiana common law. Plaintiff is resident of St. Joseph County, Indiana and was a student at Bethel University, Inc. ("Bethel") during the Fall semester 2021 when Bethel failed to accommodate her disabilities. Bethel University, located in Mishawaka, Indiana, is an Indiana domestic nonprofit Indiana corporation which operates a four-year university educational program.

2. Plaintiff seeks damages as well as a declaratory judgment and other equitable relief for the violation of her rights as a disabled person under Title III of the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act ("Section 504 or § 504") as well as under Indiana common law.

3. Plaintiff seeks trial by jury on all claims so triable and an award of damages, together with an award of reasonable attorney fees.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction of this case under 28 U.S.C.§1331 because it is a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. §1343(a)(1), (3) and (4) because Plaintiff seek to recover, redress and secure damages and equitable relief for violations of the laws of the United States; and this Court may grant a declaratory judgment under 28 U.S.C.§2201 and Fed. R. Civ. Proc. 57, together with damages and other relief under the laws providing causes of action to Plaintiff.

5. Pursuant to 28 U.S.C. § 1367, Plaintiff invokes the supplemental (pendent) jurisdiction of this Court over claims based on Indiana state law against Bethel because those claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Constitution of the United States.

6. Venue lies in the Northern District of Indiana because the events alleged herein occurred principally in, and involve persons residing or working in, St. Joseph County

## Parties

7. Plaintiff, Abriana Alvarez, is a resident of St. Joseph County Indiana who enrolled as a student at Bethel until she was forced to withdraw as a student on September 14, 2021 due to Bethel's failure to accommodate her disabilities.

8. Abriana has been diagnosed with cerebral palsy, severe inflammatory bowel disease (IBD) and partial blindness in her left eye which are physical or mental impairments (or both) that substantially limit her in one or more major life activities, has a record of such impairments; or has been or is being regarded as having such impairments.

9. Bethel University, Inc. is organized under the laws of the State of Indiana as a domestic nonprofit corporation which owns and operates a four year university institution located in Mishawaka, Indiana.

10. Bethel is a place of accommodation within the meaning of Title III of the ADA, 42 U.S.C. § 12182(a) which requires equal access to individuals with disabilities and which prohibits discrimination against individuals with disabilities.

11. Bethel is a recipient of federal financial assistance under §504 of the Rehabilitation Act, 29 U.S.C. §794a.

Facts

12. Abriana attended Bethel first enrolling in the 2020-2021 school year, majoring in Graphic Design and also participating in the Bethel Esports team.

13. Abriana enrolled in the Fall of 2021 as a Junior having transferred credits from Ivy Tech.

14. When Abriana enrolled as a student Abriana provided medical documentation to Bethel as to her disabilities including information that she had been diagnosed with cerebral palsy, inflammatory bowel disease (IBD) and partial blindness in her left eye.

15. Abriana provided to Bethel the Individualized Education Plan (IEP) which was implemented while she was student at Marian High School to accommodate her disabilities.

16. Abriana experienced significant flareups of her IBD starting in the Spring of 2021 and into the Fall of 2021 which required her to use a walker.

17. Abriana and her mother, Florencia Alvarez, on a continual basis, were in contact with Bethel's administrators requesting accommodation for Abriana's disabilities especially for classes relating to her Graphics Art classes such as photograph and typography since these classes required the handling of equipment which was difficult because she used a walker and required additional time and assistance to complete her art projects.

18. Abriana also requested a waiver of the gym requirement because of her disabilities especially the necessity of her using a walker.

19. Abriana provided sufficient medical documentation to Bethel as to Abriana's disabilities in the Spring of 2021 for Bethel to make Abriana's temporary accommodations permanent.

20. These permanent accommodations were formalized when presented to and signed by Rachael Kennedy, Bethel's accommodations director on August 18, 2021.

21. Rachael Kennedy, the Bethel accommodations director, agreed to these accommodations with the understanding that these accommodations would be provided to all of Abriana's teachers and relevant faculty.

22. An additional accommodation was promised by Ms. Kennedy: that Abriana's gym class requirement was waived since she was required to use a walker and because of her other medical conditions.

23. At the start of classes on August 19, 2021 Abriana was assigned, without her consent, by her academic advisor, to gym and health class as well as art class 325 (typography).

24. Neither her academic advisor nor her gym class teacher were ever given or advised of Abriana's gym class waiver

25. Abrian's participation in gym class was unsafe using a walker, she had to leave her walker to handle stairs to go up another level in the gym and her weakness caused by her (IBD) made it difficult for her to participate.

26. Abriana complained to Rachel Kennedy but the gym class was never waived.

27. Typography class was equally difficult because she was required to go outside and take pictures using a light fixture to create shadows while using a walker and no accommodations were offered

28. Bethel's failure to provide accommodation made it impossible for Abriana to continue as a student at Bethel and she withdraw on September 14, 2021.

29. After Abriana withdrew Bethel began sending collection letters for tuition due for the 5 credit hours she could not attend and when she only attended 2-3 of the gym, heath and art classes because of the lack of accommodations.

30. Bethel has sent out to Abriana multiple collection letters for the $2,775.04 for tuition due for the Fall 2021 semester, threatening collection.

31. Bethel has also refused to release her Bethel transcripts which has made it impossible to apply to other universities.

32. As a direct and proximate result of Bether's actions, Abriana has experienced significant emotional and monetary damages as well as harm to her academic career from being forced to withdraw as a student.

## Injury and Equity

33. As a direct and proximate result of the acts and omissions alleged above, Abriana has suffered, is suffering and will suffer injuries to her health and to her physical and mental wellbeing as a result of discrimination and deprivation of her rights under Title III of the ADA, Section 504 of the Rehabilitation Act and Indiana common law as alleged in the following Claims.

34. Because of her disabilities, Abriana is without an adequate remedy at law and requires the intervention of equity in this Court to secure appropriate declaratory and injunctive relief, in addition to any monetary damages awarded in a jury verdict.

## Causes of Action

## First Claim

## Title III of the Americans with Disabilities Act

35. Plaintiff, Abriana Alvaez, is a qualified individual with disabilities within the meaning of the ADA with physical impairments that substantially limit her in one or more major life activities; has a record of such impairments; or has been or are has been regarded as having such impairments.

6

36. Bethel University, Inc. which owns and operates a private university in Mishawaka, Indiana is a place of public accommodation within the meaning of 42 U.S.C. § 12182(a).

37. Bethel, as stated above, has, solely by reason of the disabilities of Plaintiff, failed to make reasonable accommodations so that Abriana could participate as a student in the educational programs provided at Bethel in violation of 42 U.S.C. § 12182(b)(2)(A)(ii).

## Second Claim

## Section 504 of the Rehabilitation Act

38. Plaintiff is a qualified individuals with disabilities within the meaning of 29 U.S.C. § 705(20)(B) in that she is a person with physical impairments that substantially limit her in one or more major life activities; has a record of such impairments; or has been or is being regarded as having such impairments.

39. Bethel is a recipient of federal financial assistance within the meaning of 29 U.S.C. § 794(b)(1)(A) in that it and its students receive federal grants which are used in the operation of the university.

40. Bethel as stated above, has, solely by reason of the disabilities of Plaintiff violated the rights of Plaintiff by failing to provide accommodations so that she could participate as a student in the educational programs provided at Bethel.

41. As a direct and proximate result of the acts and omissions by Bethel, as set forth above, Plaintiff has suffered injury, as set forth above.

42. Bethel, as set forth above, has violated, the rights of Plaintiff by excluding Plaintiff from participation in, and denying them the benefits of the services, programs, or activities of Bethel and by subjecting Plaintiff to discrimination, as set forth above, all in violation of 29 U.S.C. § 794 (a) and rules promulgated there under by the Attorney General of the United States.

Third Claim (Supplemental Jurisdiction)

Indiana State Law

Common Law Breach of Contract

43. On August 18, 2021, Rachael Kennedy, Bethel's accommodation director, signed on behalf of Bethel, Accommodation Documentation for Abriana Alvarez for the Fall Semester 2021.

44. This Accommodation Documentation along with promises of accommodation by Bethel for Abriana's disabilities, including waiver of the gym requirement, constituted an implied contract between Bethel and Abriana Alvarez.

45. Bethel's failure to provide accommodation for Abriana's disabilities so that she could participate in Bethel's educational programs constitutes a breach of contract.

46. Bethel acted illegally, arbitrarily, capriciously or in bad faith in its breach of the contract.

47. Abriana has suffered and continues to suffer injuries and to incur damages as a direct and proximate result of the breach by Bethel.

<u>Jury Demand</u>

48. Plaintiff demands trial by jury on all claims so triable.

<u>Relief</u>

WHEREFORE, Plaintiff and requests that this Court:

1. Enter a declaratory judgment determining the rights and responsibilities of the parties and that Bethel violated Plaintiff's rights under Title III of the Americans with Disabilities Act ("ADA"); Section 504 of the Rehabilitation Act ("Section 504 or § 504") and Indiana common law.

2. Award damages to Plaintiff as provided by law including but not limited to compensatory and contract damages as justified by the proof, after a jury trial on all claims so triable.

3. Award, and order Bethel to pay, a reasonable attorneys' fee to Plaintiff's attorney, as allowed by 42 U.S.C. § 1988 and related statutes pleaded as Causes of Action.

4. And grant such other relief as may be necessary.

Respectfully submitted,

s/ Richard LaSalvia
Richard LaSalvia (9814-71)
105 E. Jefferson. Suite 220
South Bend, IN 46601
574-232-1900
richard.lasalvia@gmail.com
Attorney for Plaintiff