UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ABRIANA ALVAREZ,                )
                                )
        Plaintiff,              )
                                )
        v.                      )        CASE NO: 3:23-cv-00768
                                )
BETHEL UNIVERSITY, INC.,        )
                                )
        Defendant.              )

## REPORT OF PARTIES' PLANNING MEETING

1.      The parties conferred under Fed. R. Civ. P. 26(f) and agreed to this report on November 7, 2023.  Richard LaSalvia participated for Plaintiff Abriana Alvarez, and Teresa Maginn participated for Defendant Bethel University, Inc.

2.      **Jurisdiction and Venue.**   The court has jurisdiction under 28 U.S.C. §1331. The parties agree that Plaintiff has asserted claims under Title III of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, both federal statutes. The court has jurisdiction under 28 U.S.C. §1367 over Plaintiff's ancillary state law claim. Venue is proper in this District.

3.      **Pre-Discovery Disclosures.** The parties will exchange, but may not file, Rule 26(a)(1) information by **December 14, 2023**.

4.      **Discovery Plan.**  The parties propose the following discovery plan. Discovery will be needed on the following subjects:

      a.      Plaintiff's claims and allegations as set forth in her Amended Complaint;

      b.      The extent, nature and severity and amount of Plaintiff's purported damages, if any;

      c.      All issues raised in Defendant's Answer, including denials, to Plaintiff's Amended Complaint allegations; and

d.      All issues raised by Defendant's Affirmative Defenses.

Disclosure or discovery of electronically stored information should be handled as follows:

a.      Disclosure or production of ESI will be limited to data that is reasonably available/accessible to the parties in the ordinary course of business. The parties agree that they will not produce such information in its native format, but rather in a format that is most convenient for the parties, *i.e.*, in paper form, unless another format is specifically requested by a party. In the event a party specifically requests another format, the opposing party reserves any and all rights that it may have to object to the requested discovery, including the requested medium.

b.      Under Rule 26(b)(5)(B), the inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege or work product doctrine immunity, provided that the producing party promptly notifies the receiving party of the inadvertent production. Upon notification, the receiving party shall retrieve and return (or, if appropriate, destroy) any such material within a reasonable time, and the receiving party's counsel shall not use such information for any purpose until further order of the Court. Any analyses, memoranda or notes which were generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information. The producing party must also preserve the information until any dispute regarding the ESL or documents is resolved. In the interests of economy and swift resolution of any dispute, the scope of the discovery and the form in which ESI is produced may be further limited or modified by agreement of the parties.

c.      The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense. Further, depending upon the nature of the data produced, a protective order may be appropriate, as the Court may approve.

The last date to complete all discovery, with the exception of expert witness discovery per Rule 26(a)(2), is **September 30, 2024.**

Maximum of **thirty (30) interrogatories**, as defined by Rule 33 of the Federal Rules of Civil Procedure, by each party to any other party.

DMS 40672373.1                                       2

Maximum of **thirty (30) requests for admission**, as defined by Rule 36 of the Federal Rules of Civil Procedure, by each party to any other party.

Maximum of **five (5) depositions** by Plaintiff and **five (5) depositions** by Defendant.

Each deposition is limited to a maximum of **seven (7) hours** unless extended by stipulation.

The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:

      a.     **30 days** after the deadline for filing dispositive motions or the Court's Order on a dispositive motion, whichever is later, for Plaintiff;

      b.     **60 days** after the deadline for filing dispositive motions or the Court's Order on a dispositive motion, whichever is later, for Defendant;

      c.     **90 days** after the deadline for filing dispositive motions or the Court's Order on a dispositive motion, whichever is later, for Rule 26(e) supplements.

5.     **<u>Other Items</u>.**

The last date the Plaintiff may seek permission to join additional parties and to amend the pleadings is **December 21, 2023**.

The last date Defendant may seek permission to join additional parties and to amend the pleadings is **January 19, 2024**.

The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.

The case should be ready for trial by **May 2025** and at this time is expected to take approximately three (3) days. The district judge will schedule summary judgment motion and Daubert motion deadlines, the trial date, and pre-trial deadlines.

At this time, all parties do consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.

6.    **Alternative Dispute Resolution.**    The case's settlement prospects may be enhanced via the following ADR procedure: Mediation. The parties shall select a mediator by **November 29, 2023**.

Date: November 14, 2023

/s/ w/consent – Richard J. LaSalvia
Richard J. LaSalvia, Esq.
105 E. Jefferson Blvd., Suite 220
South Bend, IN  46601
(574) 232-1900
Richard.lasalvia@gmail.com

Attorney for Plaintiff,
Abriana Alvarez

/s/  Teresa A. Maginn
Janilyn Brouwer Daub
Janilyn.Daub@btlaw.com
(574) 237-1139
Teresa A. Maginn
Teresa.Maginn@btlaw.com
(574) 237-1172
Barnes & Thornburg LLP
201 S. Main St., Suite 400
South Bend, IN  46601-2130

Attorneys for Defendant,
Bethel University, Inc.